Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| AE NOVA DISTRIBUTORS, INC.<br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL COLEGIO DE CIENCIAS AGRÍCOLAS DEL RECINTO DE MAYAGÜEZ, UNIVERSIDAD DE PUERTO RICO<br>Recurrido<br><br><br>MULTIDESK, LLC; J SAAD NAZER; GIRARD<br>Partes con interés | KLRA202400294 | *Revisión Judicial* procedente de la Junta de Subastas del Colegio de Ciencias Agrícolas del Recinto de Mayagüez de la Universidad de Puerto Rico<br><br><br>Subasta Núm. 231007741<br><br><br>Sobre:<br>Venta e instalación de inmobiliario (escritorios/cubículos) |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparece AE Nova Distributors, Inc. (en adelante, AE Nova o el recurrente), mediante recurso de *revisión judicial,* solicitando que ordenemos anular la Subasta Núm. 231007741, celebrada por el Colegio de Ciencias Agrícolas del Recinto Universitario de Mayagüez, de la Universidad de Puerto Rico, (Colegio de Mayagüez), cuyo licitador agraciado con la buena *pro* fue Multidesk, LLC. (en adelante, Multidesk). Juzga el recurrente que se justifica nuestra intervención con el proceso de subasta seguido pues: la notificación de la adjudicación de la subasta fue defectuosa; no se le permitió examinar el expediente administrativo, a pesar de haber insistido

NÚMERO IDENTIFICADOR

SEN2024_____

en ello; no se le concedió la buena *pro* a pesar de ser un licitador responsivo, con el ofrecimiento económico más bajo.

Adelantamos que tiene razón el recurrente respecto a los dos primeros señalamientos de error, y ello impide que nos pronunciemos en estos momentos sobre el tercero. En consecuencia, ordenamos que la Junta de Subastas del Colegio de Mayagüez (Junta de Subasta) que revele de inmediato la totalidad del expediente administrativo al recurrente.

## I. Resumen del tracto procesal

Limitándonos a resaltar solo lo pertinente, en febrero de 2024, la Junta de Subastas publicó un aviso de subasta formal, Subasta Núm. 231007741, para la venta e instalación de mobiliario para *oficinas del tercer piso, Edificio Roberto Huyke Iglesias, Servicios de Extensión Agrícola, San Juan*. Los licitadores que presentaron propuestas a tales efectos fueron AE Nova; Multidesk; J Saad Nazer, y Girard.

Examinadas las propuestas de dichos licitadores, el 25 de abril de 2024, la Junta de Subastas emitió Notificación de Adjudicación de Subasta, intitulada *Enmienda Resolución de Adjudicación.*[1] En lo pertinente, se indicaron allí las razones por las cuales fue escogido Multidesk como el licitador agraciado con la buena *pro*. También fueron mencionados los licitadores no agraciados, entre los que se encontró el recurrente, y del cual se dijo que, aunque había presentado la propuesta más económica, contaba con un historial de servicio no satisfactorio. En efecto, la Notificación de Adjudicación le fue notificada a AE Nova el 27 de abril de 2024, en cuya parte final se incluyó la siguiente advertencia:

> *De conformidad con el Artículo 26 del Reglamento para la Adquisición de Equipo Materiales y Servicios No Personales de la Universidad de Puerto Rico, Certificación Número 30 (2008-2009), usted tiene derecho a solicitar reconsideración de la adjudicación de esta subasta mediante la presentación de una Petición escrita a tales efectos, al Panel de Reconsideración de Subastas, en la Oficina del Secretario del Panel de Reconsideración en la dirección siguiente:*

---

[1] Apéndice del *recurso de revisión judicial,* págs. 3-7.

*Panel de Reconsideración de Subastas*
*Oficina de Asuntos Legales*
*Administración Central*
*Universidad de Puerto Rico*
*Terrenos Jardín Botánico Sur*
*1187 Calle Flamboyán*
*San Juan, PR 00926-1117*
panel-reconsideracion-subasta.ac@upr.edu

*dentro del término de quince (15) días calendario contados a partir de la fecha de depósito en el correo de esta notificación. El Panel de Reconsideración deberá considerar la solicitud de reconsideración de la adjudicación de una subasta dentro de los diez (10) días calendario de haberse presentado la Petición. De no hacerlo, se considerará rechazada de plano y a partir de esa fecha comenzará a correr el término de diez (10) días calendario para solicitar revisión judicial ante el Tribunal de Apelaciones. Si el Panel de Reconsideración decide acoger la Petición de Reconsideración, éste podrá solicitar evidencia adicional pertinente o celebrar vistas o delegar la celebración de las mismas a un oficial examinador para emitir su decisión. La parte adversamente afectada por una decisión en reconsideración podrá solicitar revisión judicial ante el Tribunal de Apelaciones dentro de un período de diez (10) días calendario contados a partir de la fecha de depósito en el correo de la notificación de la orden o resolución final del Panel.*

*Se le advierte también, que, de conformidad con la Sec.4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, de usted no pedir la reconsideración, puede acudir directamente ante el Tribunal de Apelaciones para solicitar la revisión judicial de esta adjudicación de subasta, dentro de diez (10) días calendario contados a partir de la fehca de depósito en el correo de la notificación de esta decisión.*

A raíz de ello, el 3 de mayo de 2024, AE Nova solicitó a la Junta de Subastas, vía correo electrónico, que le permitiera examinar el expediente del proceso, lo que incluía las propuestas de los demás licitadores.

En respuesta, la Junta de Subastas afirmó mediante escrito que *estarían analizando su petición*. Sin embargo, el 6 de mayo de 2024, la presidenta de la Junta de Subastas, negó la solicitud del recurrente para verificar el expediente. Al determinar, esta adujo que cada licitador había tenido la oportunidad de examinar las ofertas en la fecha de la celebración de la subasta formal.

En desacuerdo con dicha decisión, en la misma fecha en que se le denegó examinar el expediente administrativo, la representación legal de AE Nova remitió carta a la Junta de Subastas para solicitar formalmente copia de dicho expediente. Además, le señaló a la Junta de Subasta las incongruencias con los términos especificados en el documento *Enmienda*

*Resolución de Adjudicación,* y esgrimió que estos hacían referencia a la Ley 170-1988, derogada por la Ley 38-2017, *infra.* AE Nova no recibió respuesta a esta última carta.

Sin embargo, más adelante, el 13 de mayo de 2024, la presidenta de la Junta de Subastas se comunicó vía telefónica con AE Nova para indicarle que un representante se estaría comunicando para coordinar el examen del expediente. A pesar de esto, el mismo día AE Nova recibió un correo electrónico de la Supervisora de Compras I del Colegio de Mayagüez, donde se adujo que no se había denegado acceso al expediente administrativo, pues se le había concedido tal oportunidad a los licitadores el día de la apertura de la subasta. Añadió que, contrario a lo señalado en el aviso de adjudicación, el término para acudir en reconsideración ante el Panel de Reconsideración era de diez (10) días. Por último, esta afirmó que dicho Panel era quien tenía la potestad de analizar la solicitud sobre el expediente, dentro de los diez (10) días calendario contados a partir de la fecha del depósito en el correo de la notificación de la decisión.[2]

Ante ello, AE Nova presentó al Panel una *Solicitud de reconsideración* el 13 de mayo de 2024, planteando, en esencia, los mismos asuntos que alza ante nosotros por medio de sus señalamientos de error, que más adelante reproduciremos.

Con todo, el Panel de Reconsideración no actuó sobre la *Solicitud de reconsideración* dentro del término de diez días indicados en el aviso de adjudicación.

Es así como AE Nova acude ante nosotros, mediante recurso de revisión judicial, haciendo los siguientes señalamientos de error:

**Primer Error:** ERRÓ LA HONORABLE JUNTA DE SUBASTAS Y VICIÓ DE NULIDAD EL PROCESO ADJUDICATIVO DE LA SUBASTA NÚM. 231007741, AL NO PERMITIR QUE AE NOVA EXAMINARA EL EXPEDIENTE ADMINISTRATIVO, EN ABIERTA VIOLACIÓN DEL DEBIDO PROCESO DE LEY DEL LICITADOR RECURRENTE Y DE LOS PROPIOS REGLAMENTOS DE LA UPR.

---

[2] Ver pág.75 del apéndice del *Recurso de Revisión Administrativa.*

**Segundo Error:** ERRÓ LA HONORABLE JUNTA DE SUBASTAS Y VICIÓ DE NULIDAD EL PROCESO DE ADJUDICACIÓN DE LA SUBASTA NÚM. 231007741, AL EMITIR UN AVISO DE ADJUDICACIÓN QUE NO CUMPLE CON LOS REQUISITOS DE CONTENIDO ESTABLECIDOS BAJO NUESTRO ORDENAMIENTO, Y A BASE DE LEYES DEROGADAS O ENMENDADAS DE FORMA TAL QUE RESULTAN INCOMPATIBLES CON SUS REGLAMENTOS, EN ABIERTA VIOLACIÓN AL DEBIDO PROCESO DE LEY DE LOS LICITADORES NO AGRACIADOS.

**Tercer Error:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL NO ADJUDICAR LA SUBASTA NÚM. 231007741 A FAVOR DE AE NOVA COMO LICITADOR RESPONSIVO Y RESPONSABLE MÁS BAJO.

## II. Exposición de Derecho

a.

Los procedimientos de subastas gubernamentales están revestidos del más alto interés público. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343-344 (2016); *Maranello et al. v. O.A.T.*, 186 DPR 780, 789 (2012). Debido a que la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, "las subastas gubernamentales buscan proteger los intereses del pueblo, procurando conseguir los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia; el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Aluma Const. v. A.A.A.*, 182 DPR 776, 783 (2011); *Accumail P.R. v. Junta Sub. A.A.A.*, 170 DPR 831, 827 (2007).

El proceso de subastas públicas está regulado por la Ley Núm.73-2019, mejor conocida como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico*, según enmendada, 3 LPRA sec. 9831 *et seq.*, (Ley Núm. 73-2019). El objetivo de este estatuto es unificar el poder de compras de las distintas agencias en una sola entidad, la Administración de Servicios Generales, (ASG), a través

de la cual *se lograrán ahorros significativos en todos los procesos de adquisición gubernamental.*[3]

Conforme a ello, el Artículo 3 de la Ley Núm. 73-2019 dispone, en lo pertinente, lo siguiente:

> Las disposiciones de esta Ley regirán los procesos de compras y subastas de bienes, obras y servicios no profesionales en todas las Entidades Gubernamentales y las Entidades Exentas. La Rama Judicial, la Asamblea Legislativa, **la Universidad de Puerto Rico** y los municipios podrán, de forma voluntaria, adoptar los procesos de compras y subastas de bienes, obras y servicios aquí establecidos, a través de la Administración de Servicios Generales.
> Las Entidades Gubernamentales, según definidas en esta Ley, realizarán todas las compras y subastas de bienes, obras y servicios no profesionales a través de la Administración de Servicios Generales, sin excepción alguna.
> .         .          .          .          .          .          .          .
>
> La Rama Judicial, los municipios, **la Universidad de Puerto Rico** y la Asamblea Legislativa podrán, de forma voluntaria, adoptar los métodos de licitación y compras excepcionales y a seguir los procesos de compras y subastas de bienes, obras y servicios aquí establecidos, a través de la Administración de Servicios Generales. Además, podrán de forma voluntaria, realizar las compras y subastas de bienes, obras y servicios no profesionales a través de la Administración de Servicios Generales. [...]. (3 LPRA sec. 9831b.)

(Énfasis provisto).

Según ha quedado visto, a manera de excepción, la Universidad de Puerto Rico puede adoptar su propia reglamentación para la adquisición de equipos, materiales, artículos y servicios no personal.

Entonces, tornando la mirada hacia la reglamentación que el Colegio de Mayagüez utilizó al emitir la Notificación de Adjudicación en el caso ante nosotros, se trata del Reglamento Núm. 7618, *Sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico*, Certificación Núm. 30 (2008-2009), (el Reglamento). Tal reglamentación fue aprobada el 20 de noviembre de 2008 por la Junta de Síndicos de la Universidad de Puerto Rico mediante la Certificación Núm. 30,[4] (2008-2009).

---

[3] Véase, Exposición de Motivos de la Ley Núm. 73-2019.

[4] Mediante la Certificación Núm. 36 (2018-2019) la Junta de Gobierno de la Universidad de Puerto Rico aprobó proponer un nuevo *Reglamento sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico* con el propósito de incorporar la tecnología de manera eficiente y atender recomendaciones de los funcionarios universitarios que de una u otra manera participan en el proceso de adquisición; asegurar

En lo que refiere al contenido de la notificación de una subasta a los licitadores participantes, el Artículo 25 del Reglamento dispone lo siguiente:

*Las comunicaciones dirigidas tanto al licitador agraciado, como a los demás licitadores que participaron en la subasta, deberán advertirles de su derecho a solicitar revisión judicial o la reconsideración de la adjudicación a un Panel de Reconsideración de la Junta de Subastas, de conformidad con lo establecido en este Reglamento. Dicha advertencia notificará a los licitadores sobre sus derechos, en los siguientes términos:*

*De conformidad con el Artículo 26 del Reglamento para la Adquisición de Equipo, Materiales y Servicios No Personales de la Universidad de Puerto Rico, usted tiene derecho a solicitar reconsideración de la adjudicación de esta subasta mediante la presentación de una Petición escrita a tales efectos, al Panel de Reconsideración de Subastas, en la Oficina del Secretario del Panel de Reconsideración, en la dirección siguiente [Incluir la dirección y teléfono que corresponda], dentro del **término de quince (15) días calendario** contados a partir de la fecha de depósito en el correo de esta notificación. El Panel de Reconsideración deberá considerar la solicitud de reconsideración de la adjudicación de una subasta dentro de los diez (10) días calendario de haberse presentado la Petición. De no hacerlo, se considerará rechazada de plano y a partir de esa fecha comenzará a correr el **término de diez (10) días calendario para solicitar revisión judicial ante el Tribunal de Apelaciones**. Si el Panel de Reconsideración decide acoger la Petición de Reconsideración, éste podrá solicitar evidencia adicional pertinente o celebrar vistas o delegar la celebración de las mismas a un oficial examinador para emitir su decisión. **La parte adversamente afectada por una decisión en reconsideración podrá solicitar revisión judicial ante el Tribunal de Apelaciones dentro de un periodo de diez (10) días calendario contados a partir de la fecha de depósito en el correo de la notificación de la orden o resolución final del Panel**.*

*Se le advierte también que, de conformidad con la **Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988,** según enmendada, de usted no pedir la reconsideración, **puede acudir directamente ante el Tribunal de Apelaciones para solicitar la revisión judicial de esta adjudicación de subasta, dentro de diez (10) días calendario contados a partir de la fecha de depósito en el correo de la notificación de esta decisión**.*

(Énfasis suplido).

---

el cumplimiento con los requerimientos administrativos, principios de costo y regulación federal aplicable; y establecer los nuevos términos jurisdiccionales para atender las apelaciones de suplidores contratados y de personas que ingresan al Registro de Licitadores de la unidad institucional, de conformidad con la Ley Núm. 38-2017, *supra*; entre otros. Sin embargo, posteriormente mediante la Certificación Núm. 46 (2021-2022) la Junta de Gobierno de la Universidad de Puerto Rico acordó retirar dicha propuesta de reglamento y derogar la Certificación Núm. 36 (2018-2019) **ante la aprobación de la Ley Núm. 73-2019**, según enmendada, y el Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios No Profesionales de la Administración de Servicios Generales, Departamento de Estado, Reglamento Núm. 9230, 18 de noviembre de 2020, con el propósito de elaborar una nueva propuesta de reglamento que se atemperara a la legislación vigente. Según se dispuso en la Certificación Núm. 46 (2021-2022), que tanto la Ley Núm. 73-2019, *supra,* como el Reglamento Núm. 9230, incidían directamente sobre las disposiciones del Reglamento propuesto haciéndolas obsoletas.

Como resulta evidente de lo hasta aquí expuesto, el Reglamento fue aprobado en una fecha previa a la vigente Ley Núm. 73-2019. Además, el Reglamento también es de fecha anterior a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, y su más reciente enmienda, Ley Núm. 48 de 19 de febrero de 2024, 3 LPRA sec. 9601 *et seq.,* (LPAU).

La Sección 3.19 de la LPAU dispone, en lo pertinente, lo siguiente:

Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada, salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada. Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019.

La parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la Administración de Servicios Generales **o ante la entidad gubernamental correspondiente, según sea el caso, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de la subasta o propuesta**. … Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, a partir de esa fecha comenzará a correr el término para la revisión judicial.

[e]n los casos de **impugnación de procesos de licitación pública**, la parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales **podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro de un término de veinte (20) días** calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales **o dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley**. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación del proceso de licitación pública impugnado. (Énfasis provista). Sec. 4.2, 3 LPRA sec. 9672.

Más adelante, en la misma sección de la ley bajo examen se dispone, en lo pertinente, lo siguiente:

**La parte adversamente afectada tendrá un término jurisdiccional de treinta (30) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**, contados a partir del depósito en el correo federal o de remitida la determinación por

correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa. (Énfasis provisto). Sec. 3.19, 3 LPRA sec. 9659.

b.

Nuestro Tribunal Supremo ha reconocido que, como parte del debido proceso de ley, se requiere que la notificación de una adjudicación de subasta sea adecuada. Ver, entre otros, *PVH MOTOR, LLC* v. *Junta de Subastas de la Administración de Servicios Generales*, 209 DPR 122 (2022); *PR Eco Park. Inc. v. Mun. de Yauco*, 202 DPR 525 (2019); *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 720 (2016). La garantía de notificación salvaguardada por el debido proceso de ley debe caracterizarse como real y efectiva, ajustada a los preceptos estatutarios aplicables. *PVH MOTOR, LLC* v. *Junta de Subastas de la Administración de Servicios Generales*, supra; *Río Const. Corp. v. Mun. de Caguas*, 155 DPR 394, 412 (2001), citando *Asoc. Residentes v. Montebello Dev. Corp.*, 138 DPR 412, 421 (1985).

El derecho a cuestionar la adjudicación de una subasta mediante el proceso de revisión judicial es parte del debido proceso de ley. *PR Eco Park, Inc. v. Mun. de Yauco,* supra. Por tal razón, es indispensable que la notificación sea adecuada a todas las partes. La notificación de adjudicación, además, debe advertir del derecho de las partes a procurar la revisión judicial; el término disponible para hacerlo y la fecha del archivo en autos de una copia de la notificación. *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30 (2000).

Sobre esto último, resalta que la notificación debe incluir lo siguiente: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas

de los licitadores perdidosos; y **(4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial**. (Énfasis provisto). *Pta Arenas Concrete, Inc. v. J. Subastas, 153 DPR 733* (2001). Así pues, cuando se incumple con estos requisitos, la notificación no es válida pues violenta el debido proceso de ley. *Íd.*

De igual forma, nuesto más Alto Foro precisó que una notificación defectuosa puede tener el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta, también el de privar de jurisdicción al foro revisor para entender el asunto impugnado. *PR Eco Park, Inc. v. Mun. de Yauco*, supra; *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000). Si la notificación en cuestión adolece de los requisitos establecidos por la legislación y reglamentación correspondiente, procede devolver el asunto para que se emita una notificación que cumpla con ello *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra, a la pág. 744; *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, a la pág. 880. Por ello, "[s]olo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *IM Winner, Inc. v. Mun. de Guayanilla*, supra.

Sin embargo, el Tribunal Supremo también ha reconocido que, *en casos de notificaciones erróneas relacionadas con la revisión de una determinación administrativa, **se le debe conceder tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado**, siempre que no haya mediado incuria.* (Énfasis provisto). *Horizon v. JTA Revisa, RA Holdings*, 191 DPR 228 (2014). Siguiendo tal razonamiento, en *PR Eco Park, Inc. v. Mun. de Yauco*, supra, nuestro Tribunal Supremo se enfrentó a una notificación defectuosa realizada por la junta de subasta del municipio aludido, consistente en que no señaló a partir de qué fecha comenzaría a transcurrir el término para acudir ante el Tribunal de Apelaciones. Sobre esto el Alto Foro dictaminó allí que:

> *…las deficiencias en el contenido de la notificación de la adjudicación privaron al Tribunal de Apelaciones de jurisdicción, pues el plazo para la revisión judicial no ha comenzado a transcurrir. Ciertamente, el foro apelativo intermedio carecía de jurisdicción para atender el recurso de revisión judicial de Eco Park, no porque se hubiese presentado de manera tardía sino, todo lo contrario, por prematura. **No obstante, en el pasado hemos resuelto que habiendo la parte presentado su recurso y ante la ausencia de incuria, el Tribunal de Apelaciones debe resolverlo en los méritos.** (Énfasis provisto). Íd,* pág. 540.

c.

Los ciudadanos en general tienen derecho al acceso de la información pública como corolario necesario de los derechos de libertad de expresión, prensa y asociación, según así explícitamente los promulga el Art. II § 4 de la Constitución de Puerto Rico y la Primera Enmienda de la Constitución de Estados Unidos de América. *Ortiz v. Dir. Adm. De los Tribunales,* 152 DPR 161, (2000). La premisa a este reconocimiento es que, **sin acceso a información pública, el ciudadano no estaría en posición de juzgar las actuaciones gubernamentales o de exigir la reparación de agravios causados por las mismas**. (Énfasis provisto). *Soto v. Secretario de Justicia,* 112 DPR 477 (1982).

Habiéndose advertido la estirpe constitucional del derecho de la ciudadanía a la información pública, fue aprobada la Ley Núm 141-2019, conocida como "Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública". 3 LPRA sec. 9911 *et seq.* Tiene como propósito o finalidad este estatuto el de *uniformar y agilizar la obtención de información pública custodiada por las entidades gubernamentales.*[5]

Por otra parte, el Tribunal Supremo también ha reconocido supuestos en los que el estado puede reclamar la confidencialidad de documentos o información, a saber: "(1) cuando una ley así lo declara; (2) cuando la comunicación está protegida por alguno de los privilegios evidenciarios; (3) cuando revelar la información pueda lesionar derechos fundamentales

---

[5] Véase, Exposición de motivos de la Ley Núm.141-2019.

de terceros; (4) cuando se trate de la identidad de un confidente, Regla 32 de Evidencia[6] y; (5) cuando se trate de "información oficial" conforme la Regla 514 de Evidencia. *Santiago v. Bobb y El Mundo, Inc.*, 117 DPR 153 (1986); *Angueira Navarro v. Junta de Libertad Bajo Palabra*, 150 DPR 10 (2000).

Cónsono con lo hasta aquí dicho, **nuestro Tribunal Supremo de Puerto Rico también se ha pronunciado específicamente sobre el derecho de los licitadores a obtener acceso al expediente administrativo de la subasta**. Así, en *Trans. Ad de PR. v. Junta de Subastas* 174 DPR 56, 67 (2008), ese alto Foro reconoció que es necesario que se tome en cuenta el interés estatal en manetener la secretividad durante ciertas etapas del proceso (de subasta) con el propósito de adelantar el fin público de que sea justo y equitativo para todos los competidores. Con todo, fue subrayado a renglón seguido en la misma Opinión: *Sin embargo, dicho interés se desvanece una vez adjudicada la subasta, cuando la agencia ha ejercido su criterio adjudicativo. Íd.* Por consiguiente, **adjudicada la buena _pro_ de una subasta, el expediente está sujeto a la inspección de cualquier ciudadano**. (Énfasis y subrayado provistos). Recalca la misma curia que esta determinación es cónsona con *la política de transparencia en los procesos de adquisicion del estado, pues garantiza el proteger los intereses y dineros del pueblo y evitar el favoritismo y la corrupción en la gestión pública. Trans. Ad de PR v. Junta de Subastas,* supra, citando a *Marmol Co., Inc. v. Adm, de Servicios Generales,* 126 DPR 864, 872 (1990).

Lo anterior resulta cónsono con la aseveración de nuestro Tribunal Supremo a efectos de que:

> *…una parte con interés en impugnar la adjudicación de una subasta **estará en mejor posición de ejercer su derecho una vez ha examinado el expediente del procedimiento**. **El acceso al expediente** le permitirá evaluar los **pormenores de las propuestas de los demás participantes en el procedimiento administrativo, así como los factores***

---

[6] Actualmente Regla 515 de las Reglas de Evidencia de 2009.

> *que movieron a la agencia a adjudicar la buena pro a favor de cierto ponente*. *Igualmente, el expediente revelará si la agencia cumplió con su propio reglamento en el trámite del procedimiento*. (Énfasis y subrayado provistos). *Trans. Ad de PR. v. Junta de Subastas, supra.*

## III. Aplicación del Derecho a los hechos

a.

Iniciamos atendiendo el segundo de los señalamientos de error alzado, por contener una controversia jurisdiccional que resulta de umbral. En esencia, el recurrente aduce que la notificación de la subasta en este caso fue defectuosa, en tanto resultaba imposible identificar los términos aplicables para instar moción de reconsideración ante la propia Junta de Subasta o revisión judicial ante este Tribunal de Apelaciones. Tiene razón.

Examinada la *Notificación de la Adjudicación* resulta evidente que exhibe incongruencias marcadas respecto a los términos para solicitar la reconsideración ante la propia Junta de Subastas o su revisión judicial ante este Tribunal de Apelaciones. Ello se debe en gran medida al desfase entre los términos que a tales efectos establece el Reglamento, frente a la legislación vigente que dictamina el proceso a seguir por la parte que resulte adversamente afectada con el resultado de una subasta. La lectura del Artículo 25 del Reglamento citado revela que todavía descansa en los términos para solicitar reconsideración o revisión judicial que estaban establecidos en la derogada Ley Núm. 170 de 12 de agosto de 1988, en lugar de incorporar los dictámenes dimanantes de la Ley Núm. 73-2019 y la LPAU, según citadas*.

Es decir, resulta claro que el Reglamento utilizado por la Junta de Subastas fue diseñado para contemplar una legislación que no está vigente, de lo que se deriva que su aplicación actual resultaría incompatible con los términos que impone la nueva legislación sobre los procesos de subasta. Dicho esto, sin embargo, también resulta aparente que en el mismo Reglamento quedó plasmada la intención de que el término para solicitar revisión fuera el establecido en la

legislación vigente de procedimiento administrativa.[7] En consecuencia, juzgamos que nos corresponde aplicar los términos aplicables a la revisión judicial, según establecidos en la vigente Ley Núm. 38-2017, *supra*, en lo pertinente: diez (10) días desde la fecha de notificación de la adjudicación de la subasta para presentar moción de reconsideración, y treinta (30) días jurisdiccionales para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, según precisamos al citar de manera amplia esta legislación. (3 LPRA sec. 9659).

A pesar de que sí hubo un defecto en la notificación, lo cierto es que AE Nova ejerció su derecho de presentar un recurso de revisión judicial ante este Tribunal de Apelaciones con diligencia, sin incurrir en incuria, por lo que juzgamos que resulta de aplicación el dictamen de nuestro Tribunal Supremo en términos de que:

> *…las deficiencias en el contenido de la notificación de la adjudicación privaron al Tribunal de Apelaciones de jurisdicción, pues el plazo para la revisión judicial no ha comenzado a transcurrir. Ciertamente, el foro apelativo intermedio carecía de jurisdicción para atender el recurso de revisión judicial de Eco Park, no porque se hubiese presentado de manera tardía sino, todo lo contrario, por prematura.* **No obstante, en el pasado hemos resuelto que, habiendo la parte presentado su recurso y ante la ausencia de incuria, el Tribunal de Apelaciones debe resolverlo en los méritos.** (Énfasis provisto). *PR Eco Park, Inc. v. Mun. de Yauco, supra,* pág. 540.

De conformidad, estamos habilitados para atender en sus méritos el recurso de revisión judicial presentado, a pesar del defecto en la notificación señalado. Añadimos que en este caso resultaría muy contraproducente referir nuevamente a la atención de la Junta de Subasta con el único propósito de que corrija los términos en la *Notificación de Adjudicación,* por cuanto, como discutiremos en los próximos párrafos, urge ordenar a esa misma Junta que le descubra de inmediato el expediente administrativo al

---

[7] Según citamos, en el Art. 25 del Reglamento se dispone lo siguiente: *se le advierte también que, **de conformidad con la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada**, de usted no pedir la reconsideración, puede acudir directamente ante el Tribunal de Apelaciones para solicitar la revisión judicial de esta adjudicación de subasta, dentro de diez (10) días calendario contados a partir de la fecha de depósito en el correo de la notificación de esta decisión.* (Énfasis provisto).

recurrente para que pueda estar en verdadera posición de cuestionar la determinación administrativa recurrida y concederle la oportunidad de retornar ante nosotros, mediante recurso de revisión judicial, de así entenderlo procedente.

b.

A través de su primer señalamiento de error AE Nova sostiene que incidió la Junta de Subastas al denegarle su derecho de examinar el expediente administrativo de la Subasta aquí impugnada. Sobre esta aseveración del recurrente debemos decir que tiene razón, siendo el derecho establecido por nuestro Tribunal Supremo acerca de este preciso tema clarísimo, y la Junta de Subasta no debió permitir tal desvarío del proceso, estando obligada a revelar el expediente administrativo en cuanto adjudicó la buena *pro*.

Por virtud de la prístina expresión de nuestro Tribunal Supremo respecto a esta misma controversia en *Trans. Ad de P.R. v. Junta de Subastas*, supra, que ya citamos *in extenso*, no nos detendremos a elaborar sobre las razones por las cuales la Junta de Subasta debió poner a disposición de los licitadores el expediente administrativo que AE Nova insistió en verificar, desde el mismo momento en que adjudicó la buena *pro*. Basta reiterar que cualquier ciudadano tiene derecho al acceso a información pública, como colorario del derecho a la libertad de expresión, prensa y asociación dimanantes tanto de la Constitución de Puerto Rico como de la de Estados Unidos. Conviene subrayar una vez más, que es el acceso a la información pública la que le permite a la ciudadanía cuestionar las actuaciones públicas y exigir agravios, y el Colegio de Mayagüez no es una excepción a tan importante dictado exigidos por los gobiernos democráticos y las estructuras administrativas que los componen. Ver, *Soto v. Srio. de Justicia*, supra.

Aunque lo anterior debió bastar como causa suficiente para que la Junta de Subasta se moviera a conceder la petición del recurrente de inmediato, hay que añadir que, aludiendo al proceso de subastas públicas en particular, los licitadores tienen derecho a obtener acceso al expediente administrativo de la subasta una vez recaída la buena *pro*. Con precisión, nuestro Tribunal Supremo zanjó que, una vez adjudicada la buena *pro*, no cabe que la agencia administrativa esgrima algún interés en mantener secretividad sobre el proceso llevado a cabo, solo resta reconocer que el expediente administrativo queda sujeto a la inspección de cualquier ciudadano, lo que incluye, huelga decirlo, a los licitadores. *Trans. Ad de P.R. v. Junta de Subastas*, supra. A fin de cuentas, garantizar el acceso al expediente administrativo, adelanta el objetivo primordial de proteger los intereses y dineros del pueblo y evitar el favoritismo y la corrupción en la gestión pública. *Íd. Mar-mol Co., Inc. v. Adm. Servicios Generales*, 126 DPR 864 (1990).

En definitiva, en el caso ante nuestra consideración el recurrente solicitó acceso al expediente administrativo, una vez fue adjudicada la buena *pro*, pero la Junta de Subasta le denegó tal petición. Al así actuar, la Junta de Subasta incidió, careciendo de motivo alguno que justificara su actuación. En consecuencia, resulta imprescindible que la Junta de Subasta permita el acceso al referido expediente a AE Nova, sin dilación alguna, para que pueda evaluar los pormenores del procedimiento y entonces estar en verdadera posición de cuestionar la adjudicación de la buena *pro* al licitador elegido.

Por último, como resultado de lo discutido, resulta evidente que no estamos habilitados para discutir el tercer señalamiento de error, pues ello solo podría acontecer después del recurrente haber tenido acceso al expediente que hoy ordenamos revelar. Es decir, solo después de AE Nova tener acceso al expediente administrativo podrá ejercer de manera adecuada

su derecho a la revisión judicial de la determinación administrativa recurrida, cuestionando en sus méritos la adjudicación de la buena *pro*.

**IV.  Parte dispositiva**

Por los fundamentos que anteceden, ordenamos que la Junta de Subasta ponga a disposición de AE Nova el expediente del proceso administrativo para su inspección, con el beneficio del cual, dicha parte podrá, si así interesa, ejercer nuevamente su derecho a impugnar la subasta.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones